IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STATE OF WISCONSIN,

    Plaintiff,

v.                                    Case No. 13-C-334

HO-CHUNK NATION,

    Defendant.

---

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

1.    This is an action by plaintiff State of Wisconsin ("the State") pursuant to the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. § 2710(d), to enjoin certain Class III gaming activities being conducted by defendant Ho-Chunk Nation ("the Nation") at its DeJope facility in violation of the tribal-state Class III gaming compact between the parties.

JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. § 1331 and pursuant to 25 U.S.C. § 2710(d)(7)(A)(ii) of IGRA, which states:

The United States district courts shall have jurisdiction over—

. . . .

    (ii) any cause of action initiated by a State or Indian tribe to enjoin a class III gaming activity located on Indian lands and conducted in violation of any Tribal-State compact entered into under paragraph (3) that is in effect[.]

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) and pursuant to Section XXIV(A) of the compact between the parties.

PARTIES

4. Plaintiff the State is one of the fifty sovereign states of the United States of America, with its seat of government located in Madison, Dane County, Wisconsin.

5. Defendant the Nation is a federally recognized Indian tribe whose offices are located at W9814 Airport Road, Black River Falls, Wisconsin 54615. The Nation is the beneficial owner of and exercises jurisdiction over land held in trust for it by the United States of America, such land being located throughout a 14-county area of the State of Wisconsin.

FACTUAL BACKGROUND

6. In 1992, the State and the Nation entered into a gaming compact ("the Compact") defining the rights and duties of the parties regarding Class III gaming conducted by the Nation in Wisconsin. The Compact was approved by the Secretary of the Interior. The Compact was amended in 1998 ("Second Amendment"). The First Amendment was approved by the Secretary of the Interior. The Compact was amended again in 2003. The Second Amendment was approved by operation of law a result of the Secretary of the Interior not taking action to approve or disapprove the Second Amendment within 45 days of its submission for approval. The Compact

was amended once more in 2008, and these amendments were approved by the Secretary of the Interior.

7. The 1992 Compact contained restrictions defining the locations at which the Nation could conduct Class III gaming. Section XXVII.B. of the Compact restricted the operation of class III gaming to Sauk, Jackson, and Wood Counties, and also stated "[t]he State has offered to include a fourth location in this Compact, subject to certain conditions which are not now acceptable to the Tribe. This section may be amended at a later date to enumerate the fourth location."

8. The Second Amendment provided that Class III gaming could be conducted at a fourth location (the DeJope facility, located in Dane County) upon the passage of a local referendum approving such Class III gaming.

9. Specifically, the Compact states: "the Parties agree that, rather than pursue an off-reservation site at this time, as its fourth location, the Nation's Site at DeJope can be the Nation's fourth location for conducting Class III gaming, subject to the following conditions[.]" (Second Amendment, Section XXVII.B.).

10. The conditions referenced in the Compact included the passage of a 2004 Dane County referendum approving Class III gaming at DeJope.

11. The referendum was on the ballot for the spring primary election in Dane County on February 17, 2004, and it failed, with 93,530 voting against allowing Class III gaming at DeJope and 51,543 voting in favor.

12. Because the conditions in the Compact were not met, the DeJope facility was not and is not authorized as a Class III gaming facility under the Compact.

13. Pursuant to 25 U.S.C. § 2710(d)(1), Class III gaming cannot be conducted on tribal lands unless the tribe and the state have entered into a compact authorizing such Class III gaming and such gaming is conducted in conformance with the Compact.

14. A dispute arose between the parties when the Nation began offering electronic, non-banked poker at its DeJope gaming facility located in Madison, Wisconsin.

15. The Nation asserts that the poker being offered at DeJope is not a Class III game, but rather is a Class II game and can therefore be offered at DeJope.

16. The relevant IGRA clause (25 U.S.C. § 2703(7)(A)(ii)(I) and (II)) defines Class II card games as ones that are either:

    (I) explicitly authorized by the laws of the State, or

    (II) are not explicitly prohibited by the laws of the State and are played at any location in the State[.]

If a card game falls within this definition it must also meet the requirements of 25 U.S.C. § 2710(b)(1)(A), which is applicable to card games and all other Class II games, that it be "located within a State that permits such gaming for any purpose by any person, organization or entity." *Id.*

17. Poker, including the form of poker being offered at DeJope, is not explicitly authorized and is explicitly prohibited by the laws of the State of Wisconsin.

18. Poker, including the non-banked electronic poker being offered at DeJope, is a Class III game.

19. In addition, the plain language of the Compact specifies that "All forms of Poker" are Class III games. (Second Amendment, Section IV.A.6.).

20. The offering of a Class III game at a location not authorized by a compact between the parties constitutes a violation of the Compact and is therefore unlawful pursuant to 25 U.S.C. § 2710(d)(1).

21. Such a violation of the Compact may be enjoined by this Court pursuant to 25 U.S.C. § 2710(d)(7)(A)(ii).

WHEREFORE, the State of Wisconsin respectfully requests that the Court enter an order declaring that the poker being offered by the Ho-Chunk Nation at the DeJope facility is a Class III game, that the Compact between the parties to this action prohibits Class III gaming at the DeJope facility, and that pursuant to federal law such Class III gaming is permanently enjoined at the DeJope facility or

until such time as the parties enter into a Compact authorizing Class III gaming at the DeJope facility.

Respectfully submitted this 14th day of May 2013.

                                                J.B. VAN HOLLEN
                                                Attorney General

                                                <u>s/Christopher J. Blythe</u>
                                                CHRISTOPHER J. BLYTHE
                                                Assistant Attorney General
                                                State Bar #1026147

                                                Attorneys for Plaintiff

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-0180
*blythecj@doj.state.wi.us*