UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

STATE OF WISCONSIN,

        Plaintiff,

   v.                                    Case No. 13-C-334

HO-CHUNK NATION,

        Defendant.

**JOINT PRELIMINARY PRE-TRIAL CONFERENCE REPORT**

Pursuant to the Court's Standing Order Governing Preliminary Pretrial Conferences, the following sets forth the parties' preliminary pretrial conference report:

**Nature of the Case**

The State of Wisconsin ("State" or "Wisconsin") and the Ho-Chunk Nation (the "Nation") entered into a Tribal-State Class III Gaming Compact ("Compact") under the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. § 2701, *et seq*. The Nation has a Class II gaming facility in Madison, Wisconsin, formerly known as the DeJope Gaming Facility ("DeJope"). No Tribal-State compact is required for the Nation to conduct Class II gaming. In November 2010, the Nation began offering non-banked poker through the PokerPro® table system at DeJope. PokerPro® is an electronic gaming table system that facilitates the play of live, non-banked poker (hereinafter "e-Poker"). The State asserts that e-Poker is a Class III game and seeks to stop the Nation from offering e-Poker at DeJope under the Compact and/or IGRA, 25 U.S.C. § 2701, *et seq*. The Nation disputes that e-Poker is a Class III game under IGRA, 25 U.S.C.

§ 2701, *et seq.*, and alleges that the Compact does not control or govern the use of e-Poker at DeJope.

### Related Cases

*State of Wisconsin v. Ho-Chunk Nation*, United States District Court for the Western District of Wisconsin, Docket No. 2012-C-505, the Honorable Barbara B. Crabb presiding

### Material Factual and Legal Issues to be Resolved at Trial

1. Does this Court have jurisdiction over the Nation and the dispute?

2. Is e-Poker a Class II or Class III game for purposes of IGRA, 25 U.S.C. § 2701, *et seq.*?

3. The State contends that whether conducting Class III gaming at DeJope is a violation of the Compact is an issue to be resolved in this case. The Nation contends that whether conducting Class III gaming at DeJope is a violation of the Compact is not an issue to be resolved in this case because the Compact does not apply to DeJope.

### Possibility of Simplifying Issues, Including the Elimination of Frivolous Claims or Defenses

The parties will attempt to simplify the issues during discovery. They do not believe there are any frivolous claims or defenses.

### Admissions of Fact and of Documents, Including Stipulations Regarding the Authenticity of Documents

The parties anticipate they will be able to enter into a full or partial stipulation of fact, including authenticity of documents. The parties will endeavor to work together in good faith to submit a stipulation to simplify evidence at trial.

### Advance Rulings from the Court on the Admissibility of Certain Evidence

The parties do not presently anticipate requiring advance rulings from the Court on the admissibility of evidence.

### Need to Limit the Use of Testimony Under Rule 702, Fed. R. Ev.

Should any party determine during discovery that such a limitation is needed, if no agreement can be reached as to the limitation, the party will address the issue in a motion *in limine* or through an objection at trial.

### Identity of New Parties to be Added

At this stage the parties do not anticipate adding additional parties.

### Amendments to the Pleadings

Ho-Chunk's responsive pleading is due on July 19, 2013.  Pleadings shall be amended on or before August 1, 2013.

### Estimated Length of Time for Trial.

The parties believe that the matter is likely to be resolved on cross-motions for summary judgment.  If a trial is needed, the parties believe that a reasonable estimate of the length of time needed is three (3) days.

### Settlement Discussions

The parties have had settlement discussions in connection with an earlier arbitration, but those discussions were unsuccessful.

### Discovery Plan

1.    The parties stipulate that the initial disclosure requirements set forth in Rule 26(a)(1), Fed. R. Civ. P., shall not apply.  Lay witness and document disclosures shall be

governed by the general discovery rules and in accordance with any scheduling order issued by the Court.

2. The parties shall submit a statement of stipulated facts by November 1, 2013; however, the parties acknowledge that they may not be able to agree on all facts and, by submitting a stipulation of facts, are not foreclosed from introducing additional facts.

3. The Nation shall disclose its expert witnesses, if any, with reports by November 1, 2013.

4. The State shall disclose rebuttal experts, if any, with reports by December 1, 2013.

5. The limitations on depositions and interrogatories set forth in Rules 30 and 33, Fed. R. Civ. P., respectively, shall apply. Should additional numbers or length of depositions or numbers of interrogatories be requested by a party, the parties shall act in good faith to attempt to reach an agreement on any such request.

6. The parties do not believe that any other order should be entered by the Court under Rules 26(c), 16(b) or 16(c), Fed. R. Civ. P., at this time other than the Court's standard pre-trial conference order entered following the preliminary pre-trial conference.

7. Summary judgment motions and supporting documents shall be filed on or before December 1, 2013.

8. Discovery shall close on or before December 31, 2013.

Respectfully Submitted,

**State of Wisconsin**

Dated: June 20, 2013          By:   */s/ J.B. Van Hollen*
                                    J.B. Van Hollen, Attorney General
                                    Christopher J. Blythe, Assistant Attorney General
                                    Wisconsin Department of Justice
                                    P.O. Box 7857
                                    Madison, WI 53707-7857
                                    (608) 266-0180

**Ho-Chunk Nation**

Dated: June 20, 2013          By:   */s/ Thomas M. Pyper*
                                    Thomas M. Pyper, Esq.
                                    Cynthia L. Buchko, Esq.
                                    Whyte Hirschboeck Dudek S.C.
                                    33 East Main Street
                                    P.O. Box 1379
                                    Madison, WI 53703-1379
                                    (608) 255-4440